UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW LERER also known as AARON
LERER,

      Plaintiff(s),

v.

RAYMOND CANARIO and THE SPRING
VALLEY FIRE DEPARTMENT, INC.,

      Defendant(s).

Case No. 19-cv-4568 (VB) (LMS)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**

Jill C. Owens
Christopher F. Lyon (CL3484)
GOLDBERG SEGALLA LLP
Attorneys for Defendant(s)
RAYMOND CANARIO and THE
INCORPORATED VILLAGE OF SPRING
VALLEY, i/s/h/a SPRING VALLEY FIRE
DEPARTMENT, INC.
711 3rd Avenue, Suite 1900
New York, NY 10017
Mailing Address:
P.O. Box 880, Buffalo, NY 14201
Phone: 646.292.8700
jowens@goldbergsegalla.com
clyon@goldbergsegalla.com

# CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

PROCEDURAL HISTORY ......................................................................................2

STATEMENT OF FACTS.........................................................................................3

LEGAL STANDARD ...............................................................................................5

ARGUMENT ............................................................................................................6

    I.   PLAINTIFF'S STATE LAW CLAIMS FAIL TO PLEAD THE
        NECESSARY CONDITION PRECEDENTS REQUIRED TO COMMENCE
        AN ACTION AGAINST MUNICIPALITIES PURSUANT TO N.Y. GEN.
        MUN. LAW § 50-e and § 50-i ...........................................................................6

    II.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF HAS
        FAILED TO AVAIL HIMSELF OF DUE PROCESS UNDER ARTICLE 78 ...........7

    III. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF
        GEN. MUN. LAW § 209-l AS PLAINTIFF HAS FAILED TO PLEAD
        SUFFICIENT FACTS TO ESTABLISH HE WAS TERMINATED
        PURSUANT TO SUCH PROVISION ...............................................................10

    IV. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF
        CIVIL SERVICE LAW § 75.  PLAINTIFF HAS ALSO FAILED TO STATE
        AN ACTIONABLE CLAIM UNDER THE CIVIL SERVICE LAW........................11

    V.  PLAINTIFF HAS FAILED TO STATE A § 1983 CLAIM FOR
        PURPORTED VIOLATIONS OF PLAINTIFF'S DUE PROCESS RIGHTS
        AFFORDED UNDER THE FOURTEENTH AMENDMENT OF THE U.S.
        CONSTITUTION ............................................................................................12

    VI. PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM FOR
        ALLEGED VIOLATIONS OF DEFENDANT SVFD'S BY-LAWS AND/OR
        RULES .............................................................................................................17

CONCLUSION ........................................................................................................18

23609836.v1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................5, 6, 18

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................5, 18

*Brass v. American Film Technologies, Inc.*,
    987 F.2d 142, 150 (2d Cir.1993)................................................................................2

*Brenner v. Heavener*,
    492 F.Supp.2d 399 (S.D.N.Y.2007)...........................................................................6

*Connick v. Thompson*,
    131 S.Ct. 1350 (2011)...................................................................................14, 15

*DeStefano v. Incorporated Village of Mineola; the Bd. of Trustees of the Inc. Vill.*
    *of Mineola*, No. 17CV2250 (DRH) (ARL) (E.D.N.Y. Aug. 28, 2018) ....................................8

*Dilworth v. Goldberg*,
    914 F.Supp.2d 433 (S.D.N.Y. 2012).........................................................................14

*Giglio v. Dunn*,
    732 F.2d 1133 (2d Cir. 1984).................................................................................9

*Green v. City of New York*,
    465 F.3d 65 (2d Cir. 2006)...................................................................................15

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)....................................................................................6

*Kerman v. City of New York*,
    374 F.3d 93 (2d Cir. 2004)...................................................................................16

*Lawrence v. City of Rochester*,
    No. 09-CV-6078-FPG, 2015 WL 510048 (W.D.N.Y. Feb. 6, 2015) ...............................14, 15

*Luna v. Pico*,
    356 F.3d 481 (2d Cir. 2004)..................................................................................16

*Monell v. Department of Social Services*,
    436 U.S. 658 (1978).........................................................................................13

*Munafo v. Metropolitan Transportation Authority*,
  285 F.3d 201 (2d Cir.2002)........................................................................13

*Narvaez v. City of New York*,
  2017 WL 1535386 (S.D.N.Y. 2017)...............................................................6

*New York State National Organization for Women v. Pataki*,
  261 F.3d 156 (2d Cir. 2001)..........................................................................9

*Patane v. Clark*,
  508 F.3d 106 (2d Cir. 2007)..........................................................................5

*Ratajack v. Brewster Fire Department, Inc. of the Brewster-Southeast. Joint Fire
  District*,
  178 F. Supp. 3d 118 (S.D.N.Y. 2016).............................................13, 15, 16

*Reed v. Medford Fire Department, Inc.*,
  806 F. Supp. 2d 594 (E.D.N.Y. 2011) ........................................................6, 7

*Squicciarini v. Village of Amityville*,
  No. 17-CV-6768 (DRH), 2019 WL 1232093 (E.D.N.Y. Mar. 15, 2019)............8, 9

*Taravella v. Town of Wolcott*,
  599 F.3d 129 (2d Cir. 2010).........................................................................16

**State Cases**

*Alpha Phi Alpha Senior Citizens Center, Inc. v. Zeta Zeta Lambda Co.*,
  53 Misc. 3d 1066 (N.Y. Sup. 2016)..............................................................17

*Armstrong v. Centerville Fire Co.*,
  83 N.Y.2d 937 (1994) ...........................................................................11, 16

*Bigando v. Heitzman*,
  187 A.D.2d 917 (N.Y. App. Div. 1992) .......................................................13

*George v. Holstein-Friesian Association of America*,
  238 N.Y. 513 (1924) ...................................................................................17

*Giblin v. Nassau County Medical Center*,
  61 N.Y.2d 67 (1984) .....................................................................................7

*McEvoy v. Oyster Bay Fire Co. No. 1*,
  117 A.D.3d 953 (N.Y. App. Div. 2014) .......................................................12

*Rapacki v. Bd. of Fire Commissioners of Uniondale Fire Dist.*,
  75 A.D.2d 817 (N.Y. App. Div. 1980) .........................................................11

23609836.v1

**Federal Statutes**

42 U.S. Code § 1983 ................................................................................. *passim*

Civil Practice Law Article 78 ................................................................... *passim*

**State Statutes**

Civil Service Law § 75 ............................................................................. *passim*

N.Y. General Municipal Law § 50-i .................................................................6, 7

N.Y. General Municipal Law § 50-e .....................................................................6

N.Y. General Municipal Law § 209-l ...................................................... *passim*

**Rules**

Fed. R. Civ. P. 8 .......................................................................................................5

Fed. R. Civ. P. 12(b)(6) ................................................................................1, 2, 5, 18

N.Y. C.P.L.R. § 7803 ...........................................................................................8, 9

**Constitutional Provisions**

U.S. Const. amend. XIV ............................................................................ *passim*

23609836.v1

# PRELIMINARY STATEMENT

Defendants RAYMOND CANARIO and THE INCORPORATED VILLAGE OF SPRING VALLEY, i/s/h/a SPRING VALLEY FIRE DEPARTMENT, INC. (collectively referred to as "Defendants") submit this memorandum of law in support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Plaintiff, who is *pro se*, was a volunteer firefighter in Spring Valley, New York prior to his termination for bullying a fellow firefighter and thereby creating a hostile work environment. Plaintiff's scattershot pleading, which seeks to challenge the termination, is fatally flawed. Plaintiff has asserted eight causes of action arising from alleged violations of certain state statutes by Defendants and alleged violations of Plaintiff's right of due process under the Fourteenth Amendment of the U.S. Constitution. As discussed in detail below, Plaintiff's state law claims must fail as he has failed to plead the necessary condition precedents to commencement of an action against a municipal entity and public official (i.e., timely filing of a Notice of Claim). Additionally, Plaintiff's state law claims are deficient as he has failed to avail himself of due process by failure to commence an Article 78 proceeding, which is designed specifically to deal with the circumstances arising in the instant lawsuit. Moreover, Plaintiff's federal claims arising from alleged violations of his due process rights (sounding in a 42 U.S. Code § 1983 claim) as against The Spring Valley Fire Department, Inc. do not meet the minimum pleading standards under applicable case law cited herein and such allegations asserted against Canario are subject to dismissal as it is clear that the alleged acts fall under the purview of Qualified Immunity for public officials. Finally, Plaintiff's state law claims arising from alleged violations of Section 75 of the Civil Service Law must be dismissed as Plaintiff has not pled facts sufficient to establish his entitlement to protection under this provision.

1

Accordingly, it is respectfully submitted that the Complaint should be dismissed in its entirety pursuant to F.R.C.P. 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted.  In the alternative to a dismissal of the entire action, it is respectfully submitted that dismissal of each individual cause of action for the reasons stated herein is warranted.

## PROCEDURAL HISTORY

Plaintiff commenced the instant action by filing the Summons and Complaint in the New York State Supreme Court, Rockland County under Index No. 000430/2019 on or about March 28, 2019 against the Defendants, the Incorporated Village of Spring Valley i/s/h/a The Spring Valley Fire Department, Inc. ("SVFD") and Chief Raymond Canario ("Canario"). (Lyon Decl., Ex. A)  On or about May 17, 2019, the named defendants jointly removed this matter.  (Lyon Decl., Ex. B)  In accordance with the Court's direction, SVFD agreed to waive service of process (ECF Doc. No. 9), and the Court directed Defendants to file and serve their responsive pleading or motion on or before July 29, 2019. (ECF Doc. No. 10)  Accordingly, the instant motion to dismiss pursuant to F.R.C.P. 12(b)(6) is timely made.

A Rule 12(b)(6) motion to dismiss challenges a case on the pleadings, and accordingly this Statement of Facts is premised upon the allegations of the Complaint.  Additional documents, either incorporated through attachment or reference in the Complaint, may be relied upon. *See Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993) (holding that a court in determining the sufficiency of plaintiff's pleadings may consider the factual allegations in the complaint, documents attached as an exhibit to the complaint or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiff's possession or of which plaintiff had knowledge and relied in bringing suit).  Statements relying upon such documents are so-identified by citation.

2

# STATEMENT OF FACTS

According to the Complaint, Plaintiff, a Spring Valley volunteer fireman, was suspended on November 26, 2018 "pending the result of an investigation and hearing." (Lyon Decl., Ex. A at ¶¶ 15-16) The letter advising him of this (the "Letter of Suspension") indicated that Plaintiff was being investigated for bullying a fellow member of the Spring Valley Fire Department, and in doing so creating a hostile work environment in the workplace. (Lyon Decl., Ex. A at Ex. A therein) The letter further stated that Plaintiff would be advised of the date, time, and place of the hearing. (Lyon Decl., Ex. A at ¶ 17 and Ex. A therein) Following issuance of the Letter of Suspension, Plaintiff claims he did not receive any notification of a hearing until December 27, 2018, when he received a letter signed by Canario advising that a hearing date had been set for January 2, 2019 at 7:00 p.m. (Lyon Decl., Ex. A at ¶ 19 and Ex. Ex. B therein) Plaintiff was allegedly charged with (1) Conduct Unbecoming a Member and (2) Creating a Hostile Work Environment. (Lyon Decl., Ex. A at ¶ 21)

Plaintiff appeared at the scheduled hearing on January 2, 2019. (Lyon Decl., Ex. A at ¶ 23) Plaintiff alleges that Canario was not in attendance at the hearing and implies that the hearing could not proceed without Chief Canario. (Lyon Decl., Ex. A at ¶ 24-25) Plaintiff further alleges that he was told, "[w]e cannot begin without Chief Canario," that the hearing was never called to order, and that the hearing never took place. (Lyon Decl., Ex. A at ¶ 25-26)[1] As evidenced by that Hearing transcript, Plaintiff complained about Canario's lack of appearance and left the hearing approximately five minutes after the scheduled start time; however, the hearing was conducted as Canario's attendance was not necessary. (Canario Aff, Ex. 1 at p. 1) Subsequent to the January

---

[1] We note that the certified hearing transcript for the January 2, 2019 Hearing was made an exhibit to the Lyon Declaration as multiple references to the Hearing were made by Plaintiff, including purported quoted language from the Hearing. (*See* Canario Aff., Ex. 1)

23609836.v1

2, 2019 Hearing, a letter was sent to Plaintiff notifying him that he had been removed from the membership rolls of the SVFD for "conduct unbecoming a firefighter and creating a hostile work environment." (Lyon Decl., Ex. A at ¶ 29 and Ex. C therein)

Plaintiff has asserted eight causes of action: (1) against defendants for violation of Section 209-l of the General Municipal Law for failure to hold a hearing prior to removal; (2) against defendants for violation of Section 209-l of the General Municipal Law for failure to provide timely notice of the hearing; (3) against defendants for violation of Section 75 of the Civil Service Law of New York for exceeding the maximum period of suspension by 7 days; (4) against both defendants for failure to afford a hearing as required by Section 209-l of the General Municipal Law; (5) against both defendants for denial of Plaintiff's right of Due Process in regard to General Municipal Law Section 209-l and Section 75 of the Civil Service Law (amounting to a 14th Amendment/ §1983 claim); (6) against Canario for alleged willful violation of the 14th Amendment; (7) against Canario for alleged willful violation of by-laws and Rules of the SVFD; and (8) against Canario for acting willfully and with malice in violating Plaintiff's Due Process. As explained herein, these claims cannot proceed.

As Plaintiff has made reference to the SVFD by-laws and premised his causes of action at least in part upon these by-laws, a copy of the by-laws are annexed to the Canario Affirmation. As is relevant to Plaintiff's termination, the by-laws provide in pertinent part as follows:

> The following conduct or behavior is prohibited and may subject the individual or individuals involved to disciplinary action up to and including termination. …
>
> ALL MEMBERS SHALL NOT:
>
> > 1) Engage in any activity that is detrimental to the Fire Department or the uniform fire service.
> >
> > 2) Fight

(Canario Aff., Ex. 2, Part XV "Standard of Conduct", Subpart D "Guidelines")

G)      CONDUCT UNBECOMING OF A FIREFIGHTER

        MAY INCLUDE ANY OF THE ABOVE ACTION ALONG WITH:

                1) Any behavior that is immoral, rude, indecent, illegal, lewd, discourteous,
                or in any way inappropriately disrupts the functioning of the Spring Valley
                Department.

                2) Any behavior that brings the Department into disrepute degrades the
                community image of the Department or impedes the ability of any
                firefighter to perform his or her duties as a firefighter.

H)      DISCIPLINE

        Discipline for the above actions shall include but not be limited to:

                1) Counseling session with a Company or Department Officer.
                2) Written reprimand.
                3) Suspension of duty.
                4) Discharge.

        All discipline will be set by the Chief of the Department or the IOC for minor
        infractions and a hearing officer along with the Fire Council for more sever
        infractions.

(Canario Aff., Ex. 2, Part XV "Standard of Conduct", Subpart G "Conduct Unbecoming a
Firefighter" and Subpart H "Discipline")

# LEGAL STANDARD

A motion to dismiss for failure to state a claim tests the legal sufficiency of the party's

claim or a challenge to the legal cognizability of the claim.  Fed. R. Civ. P. 12(b)(6); *See Patane*

*v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007).  To survive a motion to dismiss, it is well-settled

that a complaint must allege "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The pleading standard set forth in Rule

8 of the F.R.C.P. is not a high standard requiring "detailed factual allegations" however, "it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are merely consistent with

a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

When deciding a motion to dismiss a *pro se* plaintiff's complaint, the court should construe the complaint liberally and interpret the allegations to raise the strongest arguments it suggests. *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). However, even with *pro se* complaints, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Narvaez v. City of New York*, 2017 WL 1535386, at *1 (S.D.N.Y. 2017) quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## ARGUMENT

### I.    PLAINTIFF'S STATE LAW CLAIMS FAIL TO PLEAD THE NECESSARY CONDITION PRECEDENTS REQUIRED TO COMMENCE AN ACTION AGAINST MUNICIPALITIES PURSUANT TO N.Y. GEN. MUN. LAW § 50-e and § 50-i

"New York law 'requires that a notice of claim be served within 90 days after a tort claim arises against a municipality.'" *Reed v. Medford Fire Dept., Inc.*, 806 F. Supp. 2d 594, 605 (E.D.N.Y. 2011) (quoting *Rowe v. NYCPD*, 85 A.D.3d 1001, 1002 (N.Y. App. Div. 2011)); N.Y. Gen. Mun. Law § 50–e(1)(a). "This doctrine applies with equal force to state law claims against municipal employees." *Id.* (quoting *Cotz v. Mastroeni,* 476 F.Supp.2d 332, 355 (S.D.N.Y.2007)); N.Y. Gen. Mun. Law § 50–i(1). However, "the notice prerequisite does not apply to claims asserted against municipal employees in their individual capacities that allege injuries resulting from intentional wrongdoing or recklessness." *Brenner v. Heavener,* 492 F.Supp.2d 399, 405 (S.D.N.Y.2007).

N.Y. General Municipal Law § 50-i provides that no action shall be prosecuted or maintained against municipal entities (including fire districts and volunteer firefighters) unless:

(a) a notice of claim shall have been made and served upon the city, county, town, village, fire district or school district in compliance with section fifty-e of this article,

(b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice, or if service of the notice of claim is made by service upon the secretary of state pursuant to section fifty-three of this article, that at least forty days have elapsed since the service of such notice, and that adjustment or payment thereof has been neglected or refused, and

(c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based; except that wrongful death actions shall be commenced within two years after the happening of the death.

N.Y. Gen. Mun. Law § 50-i (McKinney). "[U]nder the current statutes, service of the notice and allegation or proof to this effect are still conditions precedent to suit." *Giblin v. Nassau Cty. Med. Ctr.*, 61 N.Y.2d 67, 73–74 (1984). These statutory impediments to suit "prevent a plaintiff from properly commencing the action until permission to file a late notice of claim is granted by the court." *Id.* Where it is undisputed that a plaintiff has failed to file a timely Notice of Claim, state law tort claims against municipal defendants such as SVFD or Canario cannot be sustained. *Reed*, 806 F. Supp. 2d at 605

Here, Plaintiff's pleading is deficient in that it fails to plead as an allegation that "at least thirty days have elapsed since the service of [the Notice of Claim]" (N.Y. Gen. Mun. Law § 50-i(1)(b)), and, in fact, Plaintiff has never filed a Notice of Claim relating to the allegations made in the instant matter as required. (N.Y. Gen. Mun. Law § 50-i(1)(a)) Accordingly, Plaintiff's claims under state law are defective on their face, cannot be sustained, and must be dismissed.

## II.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO AVAIL HIMSELF OF DUE PROCESS UNDER ARTICLE 78

Plaintiff has made allegations against the Defendants asserting violations of General Municipal Law § 209-l and Civil Service Law § 75 claiming that his right to due process under

these provisions was undermined. (Lyon Decl., Ex. A, ¶¶ 30-50)  The violation of state law does not in itself violate the Constitution because "federal constitutional standards rather than state law define the requirements of due process." *Squicciarini v. Vill. of Amityville*, No. 17-CV-6768 (DRH), 2019 WL 1232093, at *7 (E.D.N.Y. Mar. 15, 2019), *adhered to on reconsideration*, No. 17-CV-6768 (DRH), 2019 WL 2191371 (E.D.N.Y. May 21, 2019) (quoting *Holland v. City of New York*, 197 F. Supp. 3d 529, 529 (S.D.N.Y. 2016)).

Simply put, such causes of action commenced in a civil proceeding are premature and should be dismissed.  New York has provided an outlet for aggrieved municipal employees (and others) to seek redress of alleged due process violations under Article 78 of the Civil Practice Law and Rules ("C.P.L.R.").  An Article 78 proceeding would be able to address

> 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
>
> 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.

N.Y. C.P.L.R. § 7803 (McKinney).  Plaintiff alleges (albeit incorrectly) that no hearing was held prior to his termination, and an Article 78 petition could determine whether Plaintiff's termination was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion." N.Y. C.P.L.R. § 7803(3) (McKinney).  "Where a plaintiff alleges he was deprived of a protected interest due to a random, unauthorized act by a state employee, that claim must be pursued through an Article 78 proceeding before resorting to federal court." *DeStefano v. Inc. Vill. of Mineola; the Bd. of Trustees of the Inc. Vill. of Mineola*, No. 17CV2250DRHARL, 2018 WL 4100495, at *6 (E.D.N.Y. Aug. 28, 2018).  Here, Plaintiff alleges that Canario issued the termination letter without a hearing, which sounds in a claim that the act of Canario was random and unauthorized.  Accordingly, such claim must have been pursued

8

through the Article 78 proceeding. Conversely, even if Plaintiff alleged that a full hearing was held, he could have availed himself of due process under Article 78 and had a court determine whether the result of the hearing was "supported by substantial evidence." N.Y. C.P.L.R. § 7803(4) (McKinney). Plaintiff did not avail himself of this opportunity and instead seeks **only** monetary damages.

Where Article 78 gives an employee a meaningful opportunity to challenge the termination, he is not deprived of due process "simply because he failed to avail himself of the opportunity." *Giglio v. Dunn*, 732 F.2d 1133 (2d Cir. 1984)[2]; *see also Squicciarini*, 2019 WL 1232093, at *7 (holding that even if a violation of General Municipal Law § 209–l occurred, Article 78 provides a wholly adequate post deprivation hearing for purposes of due process").

Where, as here, Plaintiff failed to avail himself of the wholly adequate post-deprivation hearing pursuant to Article 78, he cannot assert violations of due process and cannot maintain tort causes of action for violations of General Municipal Law § 209-l or Civil Service Law § 75. *New York State Nat. Org. for Women v. Pataki*, 261 F.3d 156, 169 (2d Cir. 2001) (holding "[u]nder the jurisprudence, a procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies."). Accordingly, the entirety of Plaintiff's Complaint should be dismissed with prejudice.

---

[2] Significantly, there is a four-month statute of limitations period to bring an Article 78 proceeding. As noted by the Court in *Giglio*, even though an Article 78 proceeding may be time-barred now, plaintiff cannot make a legitimate claim of due process violation where he was afforded a reasonable time in which to seek Article 78 relief on the basis that such proceeding is now time-barred. *Giglio*, 732 F.2d at n.1.

23609836.v1

## III. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF GEN. MUN. LAW § 209-l AS PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO ESTABLISH HE WAS TERMINATED PURSUANT TO SUCH PROVISION

Plaintiff makes claims for damages arising from purported violations of General Municipal Law § 209-l. (Lyon Decl., Ex. A at ¶¶ 30-41, 47-50)  As referenced by Plaintiff, this section provides, in pertinent part:

> Removals on the ground of incompetence or misconduct, except for absenteeism at fires or meetings, shall be made only after a hearing upon due notice and upon stated charges and with the right to such officer or member to a review pursuant to article seventy-eight of the civil practice law and rules. Such charges shall be in writing and may be made by any such authority. The burden of proving incompetency or misconduct shall be upon the person alleging the same.
> \***
> The notice of such hearing shall specify the time and place of such hearing and state the body or person before whom the hearing will be held.
> \***
> Such notice and a copy of such charges shall be served personally upon the accused officer or member at least ten days but not more than thirty days before the date of the hearing.

N.Y. Gen. Mun. Law § 209-l.  Plaintiff claims that there was no "hearing" and that he was denied his right to a review pursuant to Article 78 of the CPLR, and despite this was removed from the rolls of the Spring Valley Fire Department.  As previously discussed, however, Plaintiff never availed himself of the available due process pursuant to Article 78.  In short, Plaintiff has failed to plead sufficient facts to support a finding of a violation of General Municipal Law § 209-l.

Before addressing whether the requisite actions of a municipal entity to comply with General Municipal Law § 209-l were taken, the threshold inquiry is whether this provision is even applicable here.  Indeed, compliance with this provision was not required **based solely on Plaintiff's allegations**.  Specifically, Plaintiff states that he was charged with "1) Conduct Unbecoming a Member" and "2) Creating a Hostile Work Environment." (Lyon Decl., Ex. A at ¶ 21)  Plaintiff further alleges that his termination letter dated January 15, 2019 stated that he had been removed from membership "for conduct unbecoming a firefighter and creating a hostile work

environment." (Lyon Decl., Ex. A at ¶ 29 and Ex. C therein)  Plaintiff never alleges, nor could he truthfully, that he was terminated for "incompetence or misconduct."  Significantly, General Municipal Law § 209-l only requires a hearing pursuant to such provision when the removal is premised upon "incompetence or misconduct."

Although typically a volunteer firefighter is treated as a public employee entitled to due process, *see Rapacki v. Bd. of Fire Comm'rs of Uniondale Fire Dist.*, 75 A.D.2d 817, 817 (N.Y. App. Div. 1980), the New York Court of Appeals has distinguished removals on the ground of "incompetence or misconduct" from violations of a company's by-laws or constitution. *Armstrong v. Centerville Fire Co.*, 83 N.Y.2d 937, 939 (1994) (holding that plaintiff volunteer firefighter "was not statutorily entitled to a hearing before being expelled for having violated respondent's by-laws.").  Thus, if the termination is pursuant to the by-laws, then Plaintiff was not entitled to a hearing in any event.  As set forth above, the by-laws set forth standards of conduct and provide for disciplinary action, including termination, for Conduct Unbecoming a Firefighter as well as for engaging "in any activity that is detrimental to the Fire Department or the uniform fire service." (Canario Aff., Ex. 2, Part XV "Standard of Conduct", Subpart D "Guidelines," Subpart G "Conduct Unbecoming a Firefighter," and Subpart H "Discipline")  Where, as here, Plaintiff has failed to allege that he was terminated for "incompetence or misconduct," and rather has plainly alleged that the basis of his termination was for alleged violations of the by-laws, General Municipal Law § 209-l is inapplicable.  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted for alleged violations of General Municipal Law § 209-l and those causes of action premised upon such alleged violations should be dismissed.

IV.     **PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF CIVIL SERVICE LAW § 75.  PLAINTIFF HAS ALSO FAILED TO STATE AN ACTIONABLE CLAIM UNDER THE CIVIL SERVICE LAW.**

The Civil Service Law procedural protection Plaintiff cites provides:

Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days.

Civ. Serv. Law § 75(3). As discussed in Section III of this Memorandum of Law, Plaintiff has not pled that he was charged with "incompetency or misconduct." Thus, similar to Plaintiff's General Municipal Law § 209-l claim, he has failed to plead sufficient facts to trigger the protections of the Civil Service Law §75 and those claims premised upon violations of these provisions should be dismissed with prejudice. Notwithstanding, Civil Service Law § 75 specifically identifies those persons that are afforded protections under this provision, and Plaintiff has failed to set forth facts in his Complaint demonstrating that he is entitled to such protections.

"Civil Service Law § 75(1)(b) provides certain procedural protections to permanent employees, or permanent appointees, *who are also* … exempt volunteer firefighters." *McEvoy v. Oyster Bay Fire Co. No. 1*, 117 A.D.3d 953 (N.Y. App. Div. 2014) (emphasis added). Being a volunteer firefighter in and of itself is not sufficient. *Id.* As Plaintiff has not established that he is a permanent employee or appointee, he is not entitled to the protection of the Civil Service Law § 75. *McEvoy*, 117 A.D.3d at 954. Accordingly, it is impossible for Defendants to have violated Plaintiff's rights for purported violations of this section and the causes of action premised upon same should be dismissed.

## V. PLAINTIFF HAS FAILED TO STATE A § 1983 CLAIM FOR PURPORTED VIOLATIONS OF PLAINTIFF'S DUE PROCESS RIGHTS AFFORDED UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

Plaintiff alleges that Defendants violated his Due Process rights (i.e. Fourteenth Amendment rights) in failing to follow the process of General Municipal Law § 209-l and Civil Service Law § 75. As discussed *supra*, Plaintiff has failed to plead facts sufficient to establish his entitlement to protections under either of these provisions, and thus any claim for violation of

Plaintiff's Fourteenth Amendment right to due process premised upon same must similarly fail. Notwithstanding, even if Plaintiff were entitled to such protections, Plaintiff has still failed to state the minimum requisite facts to assert a viable cause of action against either SVFD or Canario.

"An employee who has a property interest in his employment is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story, before he is subjected to the loss of employment." *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 212 (2d Cir. 2002); *see also Ratajack v. Brewster Fire Dep't, Inc. of the Brewster-Se. Joint Fire Dist.*, 178 F. Supp. 3d 118, 140 (S.D.N.Y. 2016). In New York, volunteer firefighters are considered public employees and are entitled to due process, and thus have a property interest in their position. *Bigando v. Heitzman*, 187 A.D.2d 917 (N.Y. App. Div. 1992).

Claims for violations of federal statutes or constitutional rights (i.e. a § 1983 claim) against Spring Valley Fire Department, Inc. are analyzed under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny. A municipal entity in a *Monell* action cannot be held liable on a respondeat superior basis for the tort of its employee absent a showing of a governmental custom, policy, or usage of the municipality. *Ratajack v. Brewster Fire Dep't, Inc. of the Brewster-Se. Joint Fire Dist.*, 178 F. Supp. 3d 118, 149 (S.D.N.Y. 2016) (quoting *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012)). In other words, a municipal entity may only be held liable where the entity itself commits a wrong, and thus a causal link between a municipal policy or custom and the alleged constitutional deprivation must be established. *Id.* Here, Plaintiff has plainly not pled any "governmental custom, policy, or usage" under which the SVFD could be held liable.

Furthermore, "[t]o maintain an action against a municipality or municipal employee sued in his or her official capacity, a plaintiff is required to establish: (1) the actions were taken under

color of law;  (2) deprivation of a constitutional or statutory right;  (3) causation;  (4) damages and (5) that an official policy of the municipality caused the constitutional injury." *Lawrence v. City of Rochester*, No. 09-CV-6078-FPG, 2015 WL 510048, at *6 (W.D.N.Y. Feb. 6, 2015) (*citing Monell*, 436 U.S. at 691).

With regard to the fifth element, a plaintiff is required to prove either (1) the existence of a formal policy official promulgated or adopted by the municipality; (2) actions or decisions by an official with final policymaking authority which caused the alleged violations of constitutional rights;  (3) the existence of a custom or practice so permanent, persistent and widespread on the part of subordinate officials such that it constitutes custom or usage so as to imply the constructive acquiescence of policy making officials; or (4) the failure of policymaking officials to properly train or supervise their subordinates, amounting to a deliberate indifference to the rights of those encountering municipal employees. *Id.* (citations omitted); *see also Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 452-53 (S.D.N.Y. 2012).

 "Importantly, municipal policy must be the 'moving force of the constitutional violation.'" *Id.* at *7 (*quoting Polk County v. Dodson*, 454 U.S. 312, 326 (1981), *citing Monell*, 436 U.S. at 694).  Accordingly, Plaintiff needs to sufficiently establish a direct causal link between a municipal policy or custom and the alleged constitutional violation.  *Id.*

"Municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." *Id.*, *quoting City of Canton v. Harris*, 489 U.S. at 389, *quoting Pembaur*, 475 U.S. at 483-84; *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011).  "Thus, to constitute deliberate indifference in the context of failure to train or supervise, a plaintiff must demonstrate that (1) municipal policymakers must know 'to a moral certainty' that municipal employees will confront a given

14

situation; (2) either the situation must present employees with a difficult choice of the sort that training or supervision will make less difficult or there is 'a history of employees mishandling the situation'; (3) the wrong choice by the city employee will frequently cause the deprivation of a citizen's rights.'" *Id.*, quoting *Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir. 1992).

"A Plaintiff must also 'identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation.'" *Id.* at *7 (*quoting Wray v. City of New York*, 490 F.3d 189, 196 (2d Cir. 2007), *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004), and *City of Canton*, 489 U.S. at 391); *Green v. City of New York*, 465 F.3d 65, 81 (2d Cir. 2006). "Deliberate indifference may be inferred from the failure to train or supervise based on proof of repeated complaints of civil rights violations that 'are followed by no meaningful attempt on the part of the municipality to investigate or to forestall.'" *Id.* (*quoting Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995)).

An inference of a municipal custom or policy may not, however, be drawn from a single incident alleged in a complaint, especially if it involved only actors below the policy-making level. *Id.* at *26 (*citing City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). As Plaintiff has failed to sufficiently establish the existence of a municipal policy, custom, or usage, much less a direct causal link between a municipal policy or custom and the alleged constitutional violation, the claims for violation of due process as against SVFD are lacking in merit and must be dismissed.

Similarly, a § 1983 claim against Chief Canario falls short under the Qualified Immunity doctrine. "Qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments,' and it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ratajack v. Brewster Fire Dep't, Inc. of the Brewster-Se. Joint Fire Dist.*, 178

F. Supp. 3d 118, 153 (S.D.N.Y. 2016) (quoting *City & Cty. of S.F. v. Sheehan*, 135 S.Ct. 1765, 1774 (2015)).  "A government official will be protected from liability for his discretionary actions by the doctrine of qualified immunity if either (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." *Id.* (internal quotation omitted).  "[A] right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant would have understood from the existing law that his conduct was unlawful." *Luna v. Pico*, 356 F.3d 481, 490 (2d Cir. 2004).  Whether a right was clearly established at the time of the violation is a question of law. *Kerman v. City of N.Y.*, 374 F.3d 93, 108 (2d Cir. 2004). Whether a defendant's conduct was objectively reasonable is a mixed question of law and fact. *Id.* at 109.

It is well-established in New York that a volunteer firefighter in Plaintiff's position holds a property interest in such position and is entitled to process related to his expulsion.  *Taravella v. Town of Wolcott*, 599 F.3d 129, 134 (2d Cir. 2010).  However, courts in this District have found that, as a matter of law, it is objectively reasonable for individual defendants to believe that their act of terminating an individual without a hearing was lawful at the time where New York's Court of Appeals has expressly held that a hearing is not required when the expulsion or suspension is due to a violation of the by-laws. *Ratajack*, 178 F.Supp.3d at 153-54; *see also Armstrong v. Centerville Fire Co.*, 83 N.Y.2d 937, 939 (1994).  As was the case in *Ratajack*, based solely on the allegations of Plaintiff and the relevant case law, Defendant Canario is entitled to Qualified Immunity because his actions (assuming them to be as Plaintiff pled for purposes of this motion) were objectively reasonable where, as discussed above, the termination was for violations of by-

laws and not misconduct or incompetence.  Accordingly, dismissal of the § 1983 claims asserted

against Canario is warranted.

Additionally, Plaintiff generally alleges that Chief Canario "willfully violated the United

States Constitution, specifically the Fourteenth Amendment."  However, the Complaint is devoid

of any allegations of actual conduct of Canario constituting such violation.  It is entirely unclear

from the pleadings what conduct, if any, of Canario Plaintiff claims rose to the egregious level of

violating Plaintiff's Fourteenth Amendment rights.  Accordingly, no Fourteenth Amendment claim

can survive.

## VI.  PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM FOR ALLEGED VIOLATIONS OF DEFENDANT SVFD'S BY-LAWS AND/OR RULES

The by-laws and constitution form the contract between the members of the association

and the association itself.  *George v. Holstein-Friesian Ass'n of Am.*, 238 N.Y. 513, 523 (1924).

At the outset, we note that Plaintiff has conceded that he was removed from the membership of

SVFD and thus is no longer a member.  Moreover, Plaintiff is not seeking in his relief reinstatement

as a Member – he only seeks monetary damages.  "A third-party, who is not a member of the

association or corporation nor a party to the by-laws, lacks standing to bring suit against an

organization for violation of its by-laws."  *Alpha Phi Alpha Senior Citizens' Ctr., Inc. v. Zeta Zeta

Lambda Co.*, 53 Misc. 3d 1066, 1073 (N.Y. Sup. 2016).  Accordingly, Plaintiff, a non-member,

cannot assert a breach of contract pursuant to the by-laws, and thus this cause of action for violation

of the by-laws should be dismissed.

In any event, even if Plaintiff could maintain such cause of action at this time pursuant to

his standing as a former Member challenging his removal from membership rolls, Plaintiff's

skeletal pleading fails to identify the alleged provisions of the by-laws purportedly violated,

making it impossible for defendants to investigate any alleged violations in the preparation of their

defense.  Accordingly, the allegation for violation of the by-laws should be dismissed for failure to plead sufficient facts establishing such claim under the pleading standards set forth in *Iqbal* and *Twombley*.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted, or, in the alternative to a dismissal of the entire action, it is respectfully submitted that dismissal of each individual cause of action for the reasons stated herein is warranted, and for such other and further relief as this Court may deem just and proper.

_____
Jill C. Owens
Christopher F. Lyon (CL3484)
GOLDBERG SEGALLA LLP
Attorneys for Defendant(s)
RAYMOND CANARIO and THE
INCORPORATED VILLAGE OF
SPRING VALLEY, i/s/h/a SPRING
VALLEY FIRE DEPARTMENT,
INC.
711 3rd Avenue, Suite 1900
New York, NY 10017
Mailing Address:
P.O. Box 880, Buffalo, NY 14201
Phone: 646.292.8700
jowens@goldbergsegalla.com
clyon@goldbergsegalla.com

23609836.v1

## CERTIFICATE OF SERVICE

I, Christopher Lyon, do hereby certify that on **July 29th, 2019**, the foregoing document was filed electronically and was served in accordance with the applicable rules of Civil Procedure and of the court.

 

 

 

_____

**Christopher Lyon(CL3484)**

23609836.v1