UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANDREW LERER a/k/a AARON LERER,  :
          Plaintiff,  :
  :
v.  :    **OPINION AND ORDER**
  :
RAYMOND CANARIO and THE  :    19 CV 4568 (VB)
INCORPORATED VILLAGE OF SPRING  :
VALLEY i/s/h/a SPRING VALLEY FIRE  :
DEPARTMENT, INC.,  :
          Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Andrew Lerer, also known as Aaron Lerer, proceeding pro se, brings this action under 42 U.S.C. § 1983 against defendants Raymond Canario and the Incorporated Village of Spring Valley, incorrectly sued herein as the Spring Valley Fire Department, Inc., alleging violations of New York General Municipal Law § 209-l, New York Civil Service Law § 75, Spring Valley Fire Department's ("SVFD") constitution and by-laws, and the Due Process Clause of the Fourteenth Amendment.

    Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #19).

    For the reasons set forth below, the motion is GRANTED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

    For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in

1

plaintiff's favor, as set forth below.[1]

Plaintiff is a former volunteer firefighter at the SVFD. He served as a SVFD volunteer firefighter from "approximately 2002 through 2009, and from approximately 2014 through January 2019." (Doc. #18 ("Am. Compl.") ¶ 2).

I.  Suspension and Termination

By letter dated November 26, 2018, and signed by Canario, the Chief of the SVFD (the "suspension notice"), plaintiff was suspended from all activities of the SVFD pending an investigation and hearing. (Doc. #25 ("Pl. Mem.") Ex. A). The suspension was based on allegations that plaintiff "bullied a fellow member of the [SVFD]" and "creat[ed] a hostile environment in the workplace." (Id.). The suspension notice prohibited plaintiff from responding to calls and attending drills or other activities conducted by the SVFD, which allegedly prevented plaintiff from accumulating points toward "LOSAP benefits."[2] (Am. Compl. ¶ 68). The suspension notice also prohibited plaintiff from frequenting "any property

---

[1] In assessing defendant's motion to dismiss under Rule 12(b)(6), the Court properly considers only the amended complaint's factual allegations, matters subject to judicial notice, documents integral to the amended complaint, and documents incorporated into the amended complaint by reference. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

Because plaintiff is proceeding pro se, the Court also considers allegations made for the first time in his opposition to the motion to dismiss. See, e.g., Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[2] Although plaintiff does not describe what "LOSAP benefits" are, the Court takes judicial notice that LOSAP—Length of Service Award Program—benefits are "pension-type benefits to volunteer firefighters," who, "by responding to and/or being on standby for emergency calls" or participating in other functions, may "earn a specified number of points to qualify" for same. Fotopolous v. Bd. of Fire Comm'rs of Hicksville Fire Dist., 11 F. Supp. 3d 348, 356 n.2 (E.D.N.Y. 2014) (citing N.Y. Gen. Mun. L. § 217).

2

that is leased, rented or owned by the Village of Spring Valley." (Pl. Mem. Ex. A). Lastly, the suspension notice stated plaintiff would "be advised under a separate letter of the date, time and place of the hearing." (Id.).

Plaintiff alleges he received a second letter from Canario on December 27, 2018 (the "hearing notice"), scheduling a suspension hearing for January 2, 2019, six days later. The hearing notice stated plaintiff was charged with "Conduct Unbecoming a Member" and "Creating a Hostile Work Environment." (Pl. Mem. Ex. B). The hearing notice further stated the "Hearing Officer . . . will be Ex-Captain, Lance Thaxon," and that plaintiff's failure to attend the hearing "will result in the immediate[] termination of [plaintiff's] membership in the Spring Valley Fire Department." (Id.).

According to plaintiff, on December 27, 2018, the hearing officer held a separate hearing, at which plaintiff's accuser and several other witnesses provided testimony. Plaintiff alleges he was unaware of this hearing, was not provided information pertaining to or obtained during the hearing, and therefore was not given a meaningful opportunity to prepare for the January 2, 2019, suspension hearing. Plaintiff further alleges Canario attended the December 27 hearing.

On January 2, 2019, at 7:00 p.m., plaintiff appeared for the scheduled suspension hearing, and allegedly was told the proceeding could not begin without Canario, who was not in attendance. In his amended complaint, plaintiff alleges "Canario never showed up to the Hearing, the Hearing was never called to order, and it never took place." (Am. Compl. ¶ 24).

However, plaintiff alleges in his opposition that the suspension hearing did, in fact, take place on January 2, 2019. (See Pl. Mem. at ECF 83 (stating "Defendant Canario showed and the

3

meeting was called to order by the hearing officer . . . without the plaintiff present")).[3] Attached to plaintiff's opposition is what appears to be a transcript of the suspension hearing, which suggests plaintiff arrived at 6:53 p.m., left at approximately 7:05 p.m., and thereafter the hearing proceeded without plaintiff.  (Id. Ex. D at ECF 23).  The hearing officer heard from one witness, a fire captain, during the suspension hearing.

On January 15, 2019, plaintiff received a letter signed by Canario, notifying plaintiff he was removed from SVFD's membership rolls "for conduct unbecoming a firefighter and creating a hostile work environment."  (Am. Compl. ¶ 27).

By holding a separate hearing on December 27, 2018, as well as a suspension hearing without plaintiff's participation on January 2, 2019, plaintiff alleges defendants violated New York General Municipal Law Section 209-l, New York Civil Service Law Section 75, plaintiff's Fourteenth Amendment due process rights, and SVFD's by-laws.  According to plaintiff, these violations caused him emotional harm, including "anxiety, "extreme stress," and "public ridicule."  (Am. Compl. ¶¶ 34, 40, 45).

II.   SVFD Constitution and By-Laws

SVFD's constitution and by-laws states in pertinent part:

> It is the Policy of the [SVFD] to prohibit any conduct or behavior which interferes with the efficient operation of the [SVFD], discredits [SVFD], is offensive to the public and all customers that we serve, or endangers the safety of any individuals, or brings discredit to the volunteer fire service.

(Pl. Mem. Ex. E at ECF 66).  It further states "any activity that is detrimental" to the SVFD "is prohibited and may subject the individual . . . involved to disciplinary action up to and including termination."  (Id. at ECF 66–67).

---

[3] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

SVFD's constitution and by-laws defines "conduct unbecoming of a firefighter" as follows:

1) Any behavior that is immoral, rude, indecent, illegal, lewd, discourteous, or in any way inappropriately disrupts the functioning of the [SVFD].
2) Any behavior that brings the [SVFD] into disrepute, degrades the community image of the [SVFD], or impedes the ability of any firefighter to perform his or her duties as a firefighter.

(Pl. Mem. Ex. E at ECF 67).

## DISCUSSION

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[4] First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a

---

[4] Unless otherwise indicated, case quotations omit all citations, internal quotation marks, footnotes, and alterations.

5

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, … threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.     Failure to Serve Notice of Claim

Defendants argue plaintiff's state law claims fail, inasmuch as plaintiff seeks damages in tort, because plaintiff failed to serve a timely notice of claim.

The Court agrees.

"New York law provides that no tort action shall be prosecuted or maintained against a municipality or any of its officers, agents, or employees unless," inter alia, "a notice of claim has been served against the [municipality]." Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills, 815 F. Supp. 2d 679, 708 (S.D.N.Y. 2011) (citing N.Y. Gen. Mun. Law § 50-i). "Plaintiffs are required to serve the notice of claim within ninety days after the claim arises." Id. (citing N.Y. Gen. Mun. Law § 50-e(1)(A)). "The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action." Warner v. Goshen Police Dep't, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003).

6

New York's notice of claim requirement "is construed strictly by New York state courts and a failure to comply with [the requirement] ordinarily requires a dismissal for failure to state a cause of action." Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills, 815 F. Supp. 2d at 708 (quoting Hardy v. N.Y.C. Health & Hosp. Corp., 164 F.3d 789, 794 (2d Cir. 1999)). Moreover, New York's notice of claim requirement applies in full force when a plaintiff seeks primarily to recover monetary damages. Salahuddin v. N.Y.C. Dep't of Educ., 2016 WL 5477739, at *2 (S.D.N.Y. Sept. 29, 2016).

Here, it is undisputed that plaintiff did not timely serve a notice of claim. Plaintiff's termination occurred on January 15, 2019. Accordingly, plaintiff had until April 15, 2019 to serve a notice of claim. He did not do so. Instead, he commenced the instant action on August 16, 2019.

In his opposition to the motion to dismiss, plaintiff alleges he served a notice of claim on defendants on October 31, 2019, the same day he executed his opposition and nearly ten months following his termination from the SVFD membership rolls. That plaintiff is proceeding pro se and was not aware of New York's notice of claim requirement does not excuse his obligation to comply with same.

Plaintiff argues this Court has authority under N.Y. Gen. Mun. Law. § 50-e(5) to extend plaintiff's time to serve a notice of claim, and thus deem sufficient the notice of claim plaintiff allegedly served on October 31, 2019. Plaintiff is mistaken. An application under Section 50-e(5) for leave to serve a late notice of claim "shall be made to the supreme court or to the county court . . . if an action to enforce the claim has been commenced, in the county where the action is pending." N.Y. Gen. Mun. Law § 50-e(7); see also Warner v. Goshen Police Dep't, 256 F. Supp. 2d at 175 (noting "federal courts do not have jurisdiction to permit the filing of a late notice of

7

claim," but "an appropriate state supreme or county court may grant leave to serve a late notice of claim").

Here, plaintiff had ample opportunity to seek leave from an appropriate authority to serve a late notice of claim. He was aware of the relevant notice of claim requirement as early as July 29, 2019, when defendants moved to dismiss plaintiff's original complaint. Indeed, defendants' original motion to dismiss contains the same arguments concerning plaintiff's failure to comply with the notice of claim requirement as does the instant motion to dismiss the amended complaint.

Plaintiff further argues Section 50-i does not apply because SVFD is a corporation, not a municipality. This argument lacks merit. Although plaintiff named "Spring Valley Fire Department, Inc." as a defendant in this case, such entity does not exist. Rather, SVFD is an arm of the Incorporated Village of Spring Valley, a municipality. N.Y. Gen. Mun. Law § 50-i applies to actions against municipalities, including villages.

For the above reasons, plaintiff's state law claims for violations of N.Y. Gen. Mun. Law § 209-l, N.Y. Civ. Serv. Law § 75, and breach of the SVFD by-laws are subject to dismissal inasmuch as they are grounded in tort and seek monetary damages for same.

III.     Civil Service Law Section 75 Claims

To the extent plaintiff alleges violations of Civil Service Law Section 75 for liability other than tort, defendants argue plaintiff fails plausibly to state such a claim because the statute does not apply to plaintiff.

The Court agrees.

"Civil Service Law § 75(1)(b) provides certain procedural protections to permanent employees, or permanent appointees, <u>who are also</u> . . . exempt volunteer firefighters. The statute

provides these protections to all individuals employed in classified civil service positions who fit within its definitions." McEvoy v. Oyster Bay Fire Co. No. 1, 117 A.D.3d 953, 954 (2d Dep't 2014) (quoting de Zarate v. Thompson, 213 A.D.2d 713, 713 (2d Dep't 1995) (emphasis added)).

Here, plaintiff plausibly suggests he was an exempt volunteer firefighter of the SVFD. See N.Y. Gen. Mun. Law § 200-a ("And when any person has served five years as a volunteer firefighter in one or more companies or departments, . . . he or she shall be deemed an exempt volunteer firefighter."). Fatally, however, plaintiff neither alleges nor argues he was a permanent employee or appointee of Spring Valley. "Although [plaintiff] is an exempt volunteer firefighter, he is neither a permanent employee nor a permanent employee. Thus, contrary to [plaintiff's] contention, his status as an exempt volunteer firefighter, standing alone, does not entitle him to the protection of Civil Service Law § 75." McEvoy v. Oyster Bay Fire No. 1, 117 A.D.3d at 954.

Accordingly, plaintiff's New York Civil Service Law claims are subject to dismissal.

IV.     Procedural Due Process Claims

Plaintiff claims defendants violated his right to due process by failing to comply with N.Y. Gen. Mun. Law § 209-l and the Fourteenth Amendment to the U.S. Constitution. Defendants argue plaintiff's due process claims concerning Section 209-l fail because Section 209-l is inapplicable, and that even if it was applicable, plaintiff nevertheless has failed to avail himself of due process under Article 78 of New York's Civil Practice Law and Rules.

The Court disagrees that Section 209-l is inapplicable, but otherwise agrees with defendants.

    A.    <u>General Municipal Law Section 209-*l*</u>

"Pursuant to General Municipal Law § 209-l, volunteer firefighters cannot be removed from office or membership for incompetence or misconduct, except for absenteeism at fires or meetings, unless they are afforded a hearing." <u>Pawlowski v. Big Tree Volunteer Firemen's Co.</u>, 12 A.D.3d 1030, 1031 (4th Dep't 2004) (citing N.Y. Gen. Mun. L. § 209-l(3)).  Such hearing must be held "upon due notice and upon stated charges and with the right to such officer or member to a review pursuant to article seventy-eight of the civil practice law and rules."  N.Y. Gen. Mun. L. § 209-l(3).  The notice "shall specify the time and place of such hearing and state the body or person before whom the hearing will be held," <u>id</u>. § 209-l(4)(b), and "shall be served personally upon the accused officer or member at least ten days but not more than thirty days before the date of the hearing."  <u>Id</u>. § 209-l(4)(c).

However, the provisions of Section 209-l do "not affect the right of members of any fire company to remove a volunteer officer or voluntary member of such company for failure to comply with the constitution and by-laws of such company."  N.Y. Gen. Mun. L. § 209-l; <u>see also</u> <u>Ratajack v. Brewster Fire Dep't. Inc. of Brewster-Southeast Joint Fire Dist.</u>, 178 F. Supp. 3d 118, 141–42 (S.D.N.Y. 2016) (noting "New York courts have made clear that the hearing guarantee contemplated by § 209-l(3) does not apply when charges are brought pursuant to a fire company's bylaws").

Defendants argue Section 209-l is inapplicable because plaintiff was removed from SVFD membership rolls for violating the SVFD's constitution and by-laws, rather than for incompetence or misconduct.  But the SVFD's constitution and by-laws states in pertinent part:

> [The Chief of the Department] may prefer charges to the Council of the Fire Department against any member or officer of the Department who shall violate any Constitution, By-Law, or Rules or Regulations of the Department or their

10

Case 7:19-cv-04568-VB   Document 33   Filed 04/23/20   Page 11 of 17

> individual company.  <u>Such proceedings shall be in accordance with Section 209-L of the General Municipal Law of the State of New York</u>.

(Pl. Mem. Ex. E at ECF 30) (emphasis added).

Thus, even though the provisions of Section 209-l generally do not apply when a volunteer firefighter is charged with a violation of a fire department's constitution or by-laws, SVFD's constitution and by-laws expressly require compliance with Section 209-l, even when a volunteer firefighter is charged with a violation of the constitution or by-laws.  Accordingly, plaintiff's charge proceedings were subject to compliance with Section 209-l.

B.     Procedural Due Process

Plaintiff alleges defendants violated his rights to procedural due process by:  (i) failing to serve notice of the hearing at least ten days before the date of the hearing, as required by N.Y. Gen. Mun. L. § 209-l, and that the hearing was not adequate because he was not present for same; (ii) holding a separate hearing on December 27, 2018, at which plaintiff was not present, prior to plaintiff's suspension hearing; (iii) withholding evidence from plaintiff, thereby inhibiting his right to prepare a defense; (iv) preventing plaintiff from addressing his accuser or question any witnesses; and (iv) allowing Canario, who preferred the charges against plaintiff, to make the final decision respecting plaintiff's termination from the SVFD membership rolls.

"In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest."  <u>Nnebe v. Daus</u>, 644 F.3d 147, 158 (2d Cir. 2011).  It is well-settled in New York that "volunteer firefighters are considered public employees and must be afforded due process in disciplinary proceedings, which includes the right to a hearing held upon due notice and upon stated charges."  <u>Cirulli v. Astorino</u>, 2015 WL 4635707, at *8

(S.D.N.Y Aug. 3, 2015) (quoting Reed v. Medford Fire Dep't Inc., 806 F. Supp. 2d 594, 610 (E.D.N.Y 2011)).

"Ordinarily, due process requires that a state or local government afford persons some kind of hearing prior to depriving them of a significant liberty or property interest." DeStefano v. Inc. Vill. of Mineola, 2018 WL 4100495, at *6 (E.D.N.Y. Aug. 28, 2018) (quoting Locurto v. Safir, 264 F.3d 154, 171 (2d Cir. 2001). "When a public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." Id.

Indeed, when "the claim is based on a random, unauthorized act, the due process required by the [F]ourteenth [A]mendment is satisfied by the availability at the state level of an adequate post-deprivation hearing." DeStefano v. Inc. Vill. of Mineola, 2018 WL 4100495, at *6 (quoting Kraebel v. N.Y.C. Dep't of Hous. Pres. & Dev., 959 F.2d 395, 404 (2d Cir. 1992)). In New York, "an Article 78 proceeding is a perfectly adequate post[-]deprivation remedy." Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 881 (2d Cir. 1996). And in the context of a terminated public employee, it is settled that "[a]n Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes." Wright v. City of Syracuse, 611 F. App'x 8, 12 (2d Cir. 2015) (summary order). For these reasons, when state law provides constitutionally adequate procedural remedies that a plaintiff has failed to pursue, the plaintiff is precluded from bringing a procedural due process claim. See N.Y. State Nat'l Org. for Women v. Pataki, 261 F.3d 156, 168 (2d Cir. 2001).

Here, plaintiff fails plausibly to state actionable procedural due process claims. He was provided a suspension notice and an opportunity to be heard before an impartial hearing officer prior to his termination from the SVFD membership rolls. He appeared for the suspension

12

hearing, but left before it began, abandoning his opportunity to present evidence, question witnesses, and otherwise participate at the hearing.  And following the hearing and his subsequent termination, plaintiff had an opportunity to commence a full adversarial proceeding under Article 78, but failed to do so.

Accordingly, plaintiff fails plausibly to allege defendants' conduct deprived him of his constitutional right to procedural due process.  For the above reasons, plaintiff's procedural due process claims are without merit and subject to dismissal.

V.      Substantive Due Process Claim

Finally, plaintiff alleges defendants "illegally prevented [him] from accruing LOSAP benefits" and "illegally restricted" his access to "any property that is leased, rented or owned by the Village of Spring Valley . . . in direct violation of the 14th Amendment."  (Am. Compl. ¶¶ 68–69).

To the extent plaintiff pleads these allegations as grounds for a substantive due process claim, such claim is subject to dismissal.

"Substantive due process rights safeguard persons against the government's exercise of power without any reasonable justification in the service of a legitimate governmental objective."  Southerland v. City of New York, 680 F.3d 127, 151 (2d Cir. 2011).  To state a substantive due process claim, a plaintiff must allege that the complained-of state action compromised a constitutionally-protected liberty or property right, and the state action that deprived plaintiff of that interest was oppressive or arbitrary.  MC v. Airlington Cent. Sch. Dist., 2012 WL 3020087, at *5 (S.D.N.Y. July 24, 2012).

The allegations must demonstrate more than mere conduct that is incorrect or ill advised.  Cunney v. Bd. of Trs. of Grand View, 660 F.3d 612, 626 (2d Cir. 2011).  Indeed, the plaintiff

13

must plausibly allege he was deprived of a constitutional right by "conduct so egregious, so outrageous, that it may fairly be said to shock to the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998); see also Autotech Collision, Inc. v. Inc. Vill. of Rockville Ctr., 673 F. App'x 71, 73 (2d Cir. 2016) (summary order) ("To pursue a substantive due process claim, plaintiffs must show egregious, outrageous government conduct injurious to an interest implicit in the concept of ordered liberty.").

Here, the conduct complained of does not meet the requisite "shock the conscience" standard. Plaintiff was suspended from the SVFD and temporarily prohibited from frequenting municipal property or responding to alarms pending a hearing and determination respecting the alleged charges. The charges concerned plaintiff's alleged bullying of another volunteer firefighter and creating a hostile work environment. Once an employer has knowledge of some type of workplace harassment or improper conduct, "the law imposes upon the employer a duty to take reasonable steps to eliminate it." Torres v. Pisano, 116 F.3d 625, 636 (2d Cir. 1997). Under the circumstances, that defendants provisionally denied plaintiff, pending a hearing and determination, access to municipal property and opportunities to respond to fire alarms or otherwise participate in SVFD activities does not plausibly suggest defendants exercised governmental power without a reasonable justification in the service of a legitimate governmental interest.

For these reasons, plaintiff's substantive due process claim fails insofar as one is pleaded.

VI.     Breach of By-Laws Claim

Defendants argue plaintiff fails plausibly to state a claim against defendants for violation of the SVFD constitution and by-laws.

The Court agrees.

To the extent plaintiff suggests defendants breached the SVFD constitution and by-laws by failing to give proper notice or conduct a hearing pursuant to N.Y. Gen. Mun. L. § 209-l, such claim is dismissed for the reasons set forth above. Moreover, plaintiff fails sufficiently to plead facts suggesting a breach of contract claim. For example, plaintiff does not seek specific performance of the constitution and by-laws, and he fails to suggest economic damages from a purported violation of same.

Plaintiff further alleges, for the first time in his opposition, that he preferred charges against Canario in a January 9, 2019, letter to the Board of Village Trustees, and that defendants violated the SVFD constitution and by-laws by failing to act upon this charge letter. However, plaintiff fails plausibly to suggest defendants had any duty under the SVFD constitution and by-laws to act upon this seemingly retaliatory correspondence. (See Pl. Mem. Ex. E at ECF 30) ("Any member of the Department may prefer charges to the Board of Village Trustees against the Chief of the Department.") (emphasis added). Accordingly, these new allegations too fail to state a plausible claim.

For the above reasons, plaintiff's claim for breach of SVFD's by-laws is subject to dismissal.

VII.    Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to a pro se

litigant, who "should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when a plaintiff is proceeding pro se. See Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

The amended complaint, even liberally construed, contains no allegations suggesting plaintiff has actionable claims against defendants that plaintiff "inadequately or inartfully pleaded" and "should therefore be given a chance to reframe." See Cuoco v. Moritsugu, 222 F.3d at 112. The problems with plaintiff's claims are substantive, and better pleading will not cure them. For these reasons, amendment would be futile.

Accordingly, the Court concludes plaintiff, who had already amended his complaint, would not be able to state actionable claims against defendants if given an opportunity to file a second amended complaint.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #19) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order to plaintiff.

Dated: April 23, 2020
       White Plains, NY

                          SO ORDERED:

                          _____
                          Vincent L. Briccetti
                          United States District Judge